IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON LAMBERT, GLORIA WILLIAMS MITCHELL LAMBERT, and DONALD JOHNSON | |
| | CIVIL ACTION |
| Plaintiffs | NO. 2:18-cv-9042 |
| VERSUS | SECTION: |
| NORRIS SCOTT, NORSHA TRANSPORT, LLC, and OOIDA RISK RETENTION GROUP, INC | |
| | JUDGE: |
| | MAGISTRATE: |
| Defendants | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, BRANDON LAMBERT, GLORIA WILLIAMS, MITCHELL LAMBERT, and DONALD JOHNSON, residents and domiciliaries of the full age of majority of the Parish of Orleans, Louisiana and who respectfully submit the following Complaint:

### I. INTRODUCTION

1.

This cause of action arises out of a motor vehicle collision that occurred on or about September 30, 2017, in the Parish of Orleans, State of Louisiana.

### II. THE DEFENDANTS

2.

Made Defendants herein are:

A. NORRIS SCOTT (hereinafter SCOTT), who upon information a belief, is a resident and domiciliary of the County of Douglas, State of Georgia;

1

B.    NORSHA TRANSPORT, LLC, (hereinafter NORSHA) who upon information and belief is a Georgia limited liability company not licensed to do business in this state, but does business within this state;

C.    OOIDA RISK RETENTION GROUP, INC. (hereinafter OOIDA), who upon information and belief is a Vermont insurer licensed to do, and doing business within the state of Louisiana;

### III.  JURISDICTION AND VENUE

3.

This Court has jurisdiction over this proceeding pursuant to 28 USC § 1332 due to the complete diversity of the parties, and that the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and cost.

4.

Venue is proper in this Court pursuant to 28 USC § 1391(b)(2) as the district in which a substantial part of the events giving rise to this claim occurred.

### IV.  FACTS

5.

On or about September 30, 2017, BRANDON LAMBERT was driving his mother's, Jennifer Lambert, 2016 Nissan Altima on Interstate 10, mile post 246, heading eastbound in the middle lane with GLORIA WILLIAMS, MITCHELL LAMBERT, and DONALD JOHNSON as passengers.

6.

At the same date and time, Defendant SCOTT, was driving a 2011 Freightliner Cascadia, VIN 1FUJGLBG3BSAV9221, bearing 2017 Georgia License Plate Number C112AB, owned by defendant NORSHA, eastbound on I-10 in the right lane.

7.

Defendant SCOTT negligently failed to keep a proper lookout and attempted to change from right to the middle lane, causing his vehicle to enter Mr. LAMBERT'S lane of travel and collide with his vehicle.

8.

The vehicle being driven by Defendant SCOTT was owned by Defendant NORSHA, and SCOTT was within the course and scope of his employment with NORSHA when he crashed into Mr. LAMBERT'S vehicle.

V. **FAULT OF NORRIS SCOTT**

9.

The above described September 30, 2017, motor vehicle collision and the resulting injuries to Plaintiffs were caused through the negligence of Defendant SCOTT, which negligence includes, but is not limited to, the following actions and/or inaction:

a) Disregarded traffic conditions;
b) Gross negligence;
c) Failure to maintain proper control of a vehicle;
d) Failure to maintain a proper lookout and/or being distracted or inattentive;
e) Failure to take all reasonable evasive action to avoid a collision at issue herein;
f) Failure to yield;
g) Failure to properly change lanes;
h) Failure to see what should have been seen;
i) Improper lane usage;
j) Operation of the vehicle in a reckless and/or negligent manner;
k) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans, all of

which acts may be properly proven at the trial of this matter; and

l) Any and all other acts of negligence or fault which may be proven during the investigation and/or trial of this matter and that violate the laws of Louisiana and/or applicable ordinances which are hereby pleaded and adopted by reference.

## VI.   LIABILITY OF NORSHA

10.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said NORHSA is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant SCOTT.

## VII. LIABILITY OF OOIDA RISK RETENTION GROUP, INC.

11.

OOIDA, at all times relevant herein, had in full force and effect a policy of liability insurance coverage  in favor of defendants, NORSHA, as owner, and Defendant SCOTT, as operator of the insured vehicle, for his negligence in connection with the September 30, 2017, motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, OOIDA has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendants SCOTT and NORSHA.

## VIII.   DAMAGES

12.

As a result of said September 30, 2017, motor vehicle collision, BRANDON LAMBERT suffered personal and bodily injuries including, but not limited to, injuries to his neck and back.

All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

13.

Mr. LAMBERT'S injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant SCOTT and his failure to operate his vehicles in a proper, prudent, and safe manner.

14.

As a result of the motor vehicle collision at issue, Mr. LAMBERT suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

- a) Past, present, and future mental pain and suffering;
- b) Past, present, and future physical pain and suffering;
- c) Past, present, and future medical expenses;
- d) Loss of enjoyment of life;
- e) Property damage;
- f) Past, present, and future lost earnings;
- g) Loss of earning capacity; and
- h) All damages allowed under Louisiana law which may be proven at the trial of this matter.

15.

As a result of said September 27, 2017, motor vehicle collision, GLORIA WILLIAMS suffered personal and bodily injuries including, but not limited to, injuries to her neck and back. All of her damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

16.

GLORIA WILLIAMS' injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant SCOTT and his failure to operate his vehicles in a proper, prudent, and safe manner.

17.

As a result of the motor vehicle collision at issue, GLORIA WILLIAMS suffered severe physical and mental injuries as well as inconvenience, entitling her to recover damages including, but not limited to:

    a)    Past, present, and future mental pain and suffering;

    b)    Past, present, and future physical pain and suffering;

    c)    Past, present, and future medical expenses;

    d)    Loss of enjoyment of life;

    e)    Property damage; and

    f)    All damages allowed under Louisiana law which may be proven at the trial of this matter.

18.

As a result of said September 30, 2017, motor vehicle collision, MITCHELL LAMBERT suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

19.

MITCHELL LAMBERT'S injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant SCOTT and his failure to operate his vehicles in a proper, prudent, and safe manner.

20.

As a result of the motor vehicle collision at issue, MITCHELL LAMBERT suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

c)   Past, present, and future mental pain and suffering;

d)   Past, present, and future physical pain and suffering;

c)   Past, present, and future medical expenses;

d)   Loss of enjoyment of life;

e)   Property damage;

f)   Past, present, and future lost earnings;

g)   Loss of earning capacity; and

h)   All damages allowed under Louisiana law which may be proven at the trial of this matter.

21.

As a result of said September 30, 2017, motor vehicle collision, DONALD JOHNSON suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

22.

Mr. JOHNSON'S injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant SCOTT and his failure to operate his vehicles in a proper, prudent, and safe manner.

23.

As a result of the motor vehicle collision at issue, Mr. JOHNSON suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

e) Past, present, and future mental pain and suffering;

f) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Property damage; and

f) All damages allowed under Louisiana law which may be proven at the trial of this matter.

WHEREFORE, Plaintiffs pray that Defendants, NORRIS SCOTT, NORSHA TRASNPORT, LLC, and OOIDA RISK RETENTION GROUP, INC. be served with a copy of this Complaint, and, after being duly summoned to appear and respond thereto, and after the expiration of all legal delays, and due proceedings are had, there be judgment in favor of Plaintiffs and against Defendants in an amount of damages reasonable and found reasonable at trial, including penalties and attorney's fees as allowed by law, together with legal interest thereon, from the date of judicial demand until paid in full, as well as all costs of these proceedings, and all other general and equitable relief.

*[SIGNATURE BLOCK ON NEXT PAGE]*

                                      **Respectfully Submitted**

BY:    */s/ Brian A. Pena*
          **Brian A. Pena (#35953)**
          ANDERSON PENA, LLC
          4833 Conti Street Ste. 107
          New Orleans, LA 70119
          Telephone: (504) 457-8508
          Facsimile: (504) 267-4687
          Email:brian@andersonpena.com
          *Counsel for Plaintiffs*

**PLEASE SERVE:**

**NORRIS SCOTT**
Through Louisiana Long arm statute:
4627 Town Manor Drive
Douglasville, GA 30135

**NORSHA TRANSPORT, LLC**
Through Louisiana Long arm statute:
Through its agent for service of process:
Shaunna Felice Scott
4627 Town Manor Drive
Douglasville, GA 30135

**OOIDA RISK RETENTION GROUP, INC.**
Through Louisiana Secretary of State:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809